## CIRCUIT COURT OF FAIRFAX COUNTY

Lee Road
Limited Partnership

v.

Markey Business
Center VI Board et al.

April 16, 1991

Case No. (Chancery) 114009

By JUDGE THOMAS S. KENNY

This cause is before the Court on the defendant Unit Owners' demurrer to the Bill of Complaint for Specific Performance. The primary issue for determination is whether an affirmative covenant to construct a common entranceway serving both parties' properties still runs with the land so as to be enforceable by a suit for specific performance.

The facts giving rise to this suit are as follows. The plaintiff's predecessors in title entered into an agreement with the defendants' predecessors in April of 1984. The covenant agreement, duly filed in the land records of Fairfax County, provided for the construction of a common entrance between parcel A-1, now owned by the plaintiff, and parcel B-3, now owned by defendants, which was to be the sole source of access to Lee Road for both parcels. The burden of building the roadway was to fall on whichever of the two lot owners first commenced construction, the same being entitled to collect one-half of the costs expended from the non-building party. Cross-easements for use of the anticipated roadway were granted in the same instrument.

When the plaintiff partnership acquired parcel A-1, parcel B-3 had already been developed with a separate

entrance in a different location, which parcel A-1 cannot use. In the absence of the common entrance as mandated by the 1984 Covenant Agreement, parcel A-1 is landlocked and undevelopable, since the county will only permit one entrance onto Lee Road. The partnership seeks specific performance of the aforementioned agreement in its bill, and it is to this request that the defendants have demurred.

For the purpose of this opinion, it will be assumed that the 1984 agreement constituted a valid covenant running with the land for the construction of an apron entranceway. Reasoning from this point, it must be determined whether there has been an occurrence which would render the covenant unenforceable.

The case of *Chesapeake and Ohio Railway Company v. Willis*, 200 Va. 299 (1958), is dispositive of this inquiry. In *Willis* the Supreme Court of Virginia considered whether an affirmative covenant running with the land to build a fence, entered into nearly a century earlier, was still enforceable by the original parties' successors in title. There the Court held that the obligation was one which should have been performed within a "reasonable time" after it was entered into, and failure to do so was a breach. *Id*. at 304. The Court went on to hold that the breach of the covenant transformed it into a mere *personal* covenant that was not binding upon the breaching party's successors. *Id*. at 306. In other words, the breach terminated the "running-with-the-land" status of an affirmative covenant.

Under the reasoning in *Willis*, it is clear that the obligation to build the common entrance, once breached, became a mere personal covenant which is only effective against the party who breached. I think, therefore, that in order to impose liability on a party under such a breached covenant, it is necessary to allege that he was the one who breached it, for otherwise no duty would be owed to plaintiff. In the absence of an allegation that *this* defendant is the one who breached the covenant agreement, plaintiff cannot maintain the present suit for specific performance, and the demurrer must be sustained.

In addition to the claim for specific performance, the partnership raised the issue of an equitable servitude for the first time at oral argument. It would be inappropriate for me to rule on the substantive validity of such

a claim at this time; however, plaintiff may choose to allege such a claim in its amended bill. Further, nothing in this opinion should be construed to foreclose the partnership's right to seek enforcement of a continuing *restrictive* covenant limiting the access for both parcels to the single apron entranceway if an equitable servitude is found to exist.

The demurrer as to the claim for specific performance is sustained. The plaintiff shall have twenty-one days from the date of this order to file an amended bill, if it be so inclined.